IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER SOKIRA, <br> Plaintiff, | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NORTON LILLY <br> INTERNATIONAL, INC. <br> Defendant. | § <br> § <br> § <br> § | JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

Plaintiff Jennifer Sokira ("Sokira") now files this Complaint against Defendant Norton Lilly International, Inc. In support, Plaintiff states as follows:

### PARTIES

1. The Plaintiff, Jennifer Sokira, is a United States citizen and a resident of the state of Texas.

2. Defendant Norton Lilly International, Inc. ("Norton") is an Alabama corporation with its principal place of business in Mobile, Alabama. Norton may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through its registered agent for service of process, Corporation Service Company d/b/a CSV-Lawyers Inc., at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim arising under the laws of the United States.

4. This Court has personal jurisdiction over the Defendant because Defendant has continuously and systematically done business within the state of Texas, and this lawsuit arises out of those continuous and systematic contacts within the state of Texas.

5. Venue is proper before this Court because all or a substantial part of the events or omissions giving rise to the claims arose within this judicial district.

## FACTS

6. Norton is an international shipping company. Sokira was employed by Norton as a Vessel Operation Coordinator from approximately May 2015 until April 11, 2019.

7. Sokira worked at Norton's office in LaPorte, Texas. As a Vessel Operation Coordinator, Sokira would coordinate with ships that came in and out of the Port of Houston. Sokira dealt with customs and verified that incoming ships complied with specific rules and regulations. This was not a management position, though, and nor did she exercise discretion or independent judgment with matters of significance in her performance of this job.

8. At all times, the job duties of Sokira while employed by Norton were those of a non-exempt employee under the Fair Labor Standard Act ("FLSA"). Sokira's job duties do not meet any of the FLSA exemptions.

9. Since Sokira was a non-exempt employee, Norton was required to pay Sokira one and one-half the times the regular hourly rate of pay for the hours she worked in excess of forty (40) per work week. But it did not.

10. Instead it paid her a flat salary of $75,000/year.

11. Sokira regularly worked in excess of forty hours per week. A typical week, in fact, was usually around 60 hours. But, Norton did not compensate Sokira for any hours in excess of 40 hours, at one and one-half times her regular rate or pay or otherwise.

12. Because Sokira was entitled to be paid for all hours worked, including overtime hours at one and one half times her regular rate of pay, Norton's policy and/or practice of failing to properly pay Sokira was a clear violation of the FLSA.

13. Norton knew or should have known that this practice violates the FLSA. Norton employed five Vessel Operation Coordinators in the La Porte, Texas office, and eight coordinators in the Houston, Texas office. Upon information and belief, Norton paid two Vessel Operation Coordinators overtime. Yet, Norton did not compensate Sokira for her overtime hours.

14. Norton has not made a good faith attempt to comply with the FLSA. Instead, Norton knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Sokira overtime that she was otherwise entitled to.

### FIRST CAUSE OF ACTION (UNPAID OVERTIME)

15. Sokira incorporates each of the foregoing allegations as if fully set forth herein.

16. Norton is an enterprise in interstate commerce and with annual dollar sales or business of at least $500,000. It is therefore subject to enterprise coverage under the FLSA.

17. Norton was an employer of Sokira as the term "employer" is defined by the FLSA.

18. Throughout her employment Norton permitted Sokira to work in excess of 40 hours per week but without paying her overtime compensation for all such overtime hours.

19. This includes the period from her initial hiring until April 11, 2019.

20. This failure to pay overtime violated the FLSA. Accordingly, Sokira now sues pursuant to the FLSA to recover those unpaid wages, plus liquidated damages in an amount equal to those unpaid wages. 29 U.S.C. § 216(b).

### ATTORNEY'S FEES

21. Sokira expressly pleads for an award of reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

### JURY DEMAND

22. Plaintiff demands a jury trial.

**P**RAYER

Wherefore, Plaintiff respectfully requests that Defendant be cited to answer this Complaint and to defend against the allegations set forth herein. Plaintiff asks that the Court award, to the fullest extent allowed by law:

a. Unpaid overtime wages as required by the FLSA;
b. Liquidated damages in an amount equal to her unpaid overtime wages, also as required by the FLSA;
c. Attorney's fees;
d. Taxable court costs; and
e. Such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

s/ Andrew S. Golub
Andrew S. Golub
S.D. Tex. No. 13812
Texas Bar No. 08114950
asgolub@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

ATTORNEY FOR PLAINTIFF
JENNIFER SOKIRA